**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARISSA CLARK,** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:18-cv-02730-N** |
| **vs.** | § | |
| | § | |
| **TECOMAX, LLC,** | § | |
| **Defendant.** | § | |

<u>**DEFENDANT'S ORIGINAL ANSWER**</u>

Defendant Tecomax, LLC files the following Original Answer to Plaintiff's Original Complaint and Jury Demand (the "Complaint") filed by Plaintiff Larissa Clark and would show this Court as follows:

<u>**ANSWER**</u>

1.     Defendant admits the allegations of Paragraph 1 of the Complaint.

2.     Defendant admits the allegations of Paragraph 2 of the Complaint.

3.     Defendant denies all of the allegations of Paragraph 3 of the Complaint. Defendant specifically denies that it was Plaintiff's "employer" under the Family and Medical Leave Act of 1993 ("FMLA"), as that term is defined in 29 U.S.C. §2611(4)(A)(i), specifically denies that it was Plaintiff's "employer" under the Fair Labor Standards Act ("FLSA"), as that term is defined in 29 U.S.C. §203(d), and specifically denies that it was Plaintiff's "employer" as that term is defined in 42 U.S.C. §2000e(b).

4.     Defendant denies the allegations of Paragraph 4 of the Complaint.

5.     Defendant admits the allegations of Paragraph 5 of the Complaint.

6.     Defendant admits the allegations of Paragraph 6 of the Complaint.

7.     Defendant admits the allegations of Paragraph 7 of the Complaint.

6.      Defendant admits the allegations of the second Paragraph 6 of the Complaint.

7.      Defendant admits the allegations of the second Paragraph 7 of the Complaint.

8.      Defendant admits the allegations of the first sentence of Paragraph 8 of the Complaint.  Defendants denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Defendant denies the allegations of Paragraph 9 of the Complaint.

10.     Defendant admits the allegations of Paragraph 10 of the Complaint.

11.     Defendant denies the allegations of the first sentence of Paragraph 11 of the Complaint.  Defendants admit the allegations of the second sentence of Paragraph 11.

12.     Defendant denies the allegations of Paragraph 12 of the Complaint.

13.     Defendant denies the allegations of Paragraph 13 of the Complaint.

14.     Defendant denies the allegations of Paragraph 14 of the Complaint.

15.     Defendant admits the allegations of Paragraph 15 of the Complaint.

16.     Defendant denies the allegations of Paragraph 16 of the Complaint.

17.     Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     Defendant denies the allegations of Paragraph 19 of the Complaint.

20.     Defendant denies the allegations of Paragraph 20 of the Complaint.

21.     Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     Defendant denies the allegations of Paragraph 22 of the Complaint.

23.     Defendant denies the allegations of Paragraph 23 of the Complaint.

24.     Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations of Paragraph 25 of the Complaint.

26.     Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant admits the allegations of Paragraph 27 of the Complaint.

28.     Defendant admits the allegations of Paragraph 28 of the Complaint.

29.     Defendant denies the allegations of Paragraph 29 of the Complaint.

30.     Defendant denies the allegations of Paragraph 30 of the Complaint.

31.     Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     Defendant denies the allegations of Paragraph 32 of the Complaint.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint.

34.     Defendant denies the allegations of Paragraph 34 of the Complaint.

35.     Defendant denies the allegations of Paragraph 35 of the Complaint.

36.     Defendant denies the allegations of Paragraph 36 of the Complaint.

37.     Defendant adopts and reasserts its responses to Paragraph 1-36 of the Complaint.

38.     Defendant denies the allegations of Paragraph 38 of the Complaint.

39.     Defendant denies the allegations of Paragraph 39 of the Complaint.

40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

41.     Defendant denies the allegations of Paragraph 41 of the Complaint.

42.     Defendant denies the allegations of Paragraph 42 of the Complaint.

43.     Defendant adopts and reasserts its responses to Paragraph 1-42 of the Complaint.

44.     Defendant denies the allegations of Paragraph 44 of the Complaint.

45.     Defendant denies the allegations of Paragraph 45 of the Complaint.

46.     Defendant denies the allegations of Paragraph 46 of the Complaint.

47.     Defendant adopts and reasserts its responses to Paragraph 1-46 of the Complaint.

48.     Defendant denies the allegations of Paragraph 48 of the Complaint.

49.     Defendant denies the allegations of Paragraph 49 of the Complaint.

50.     Defendant denies the allegations of Paragraph 50 of the Complaint.

51.     Defendant adopts and reasserts its responses to Paragraph 1-50 of the Complaint.

52.     Defendant denies the allegations of Paragraph 52 of the Complaint.

53.     Defendant denies the allegations of Paragraph 53 of the Complaint.

54.     Defendant denies the allegations of Paragraph 54 of the Complaint.

55.     Defendant denies the allegations of Paragraph 55 of the Complaint.

56.     Defendant denies the allegations of Paragraph 56 of the Complaint.

57.     Defendant adopts and reasserts its responses to Paragraph 1-56 of the Complaint.

58.     Defendant denies the allegations of Paragraph 58 of the Complaint.

59.     Defendant denies the allegations of Paragraph 59 of the Complaint.

60.     Defendant denies the allegations of Paragraph 60 of the Complaint.

61.     Defendant adopts and reasserts its responses to Paragraph 1-60 of the Complaint.

62.     Defendant denies the allegations of Paragraph 62 of the Complaint.

63.     Defendant denies the allegations of Paragraph 63 of the Complaint.

64.     Defendant denies the allegations of Paragraph 64 of the Complaint.

65.     Defendant denies the allegations of Paragraph 65 of the Complaint.

66.     Defendant adopts and reasserts its responses to Paragraph 1-65 of the Complaint.

67.     Defendant denies the allegations of Paragraph 67 of the Complaint.

68.     Defendant denies the allegations of Paragraph 68 of the Complaint.

69.     Defendant denies the allegations of Paragraph 69 of the Complaint.

70.     Defendant denies the allegations of Paragraph 70 of the Complaint.

71.     Defendant denies the allegations of Paragraph 71 of the Complaint.

72.     Defendant denies the allegations of Paragraph 72 of the Complaint.

73.     Defendant adopts and reasserts its responses to Paragraph 1-72 of the Complaint.

74.     Defendant denies the allegations of Paragraph 74 of the Complaint.

75.     Defendant denies the allegations of Paragraph 75 of the Complaint.

76.     Defendant denies the allegations of Paragraph 76 of the Complaint.

77.     Defendant denies the allegations of Paragraph 77 of the Complaint.

78.     Defendant denies the allegations of Paragraph 78 of the Complaint.

79.     Defendant denies the allegations of Paragraph 79 of the Complaint.

80.     Defendant denies the allegations of Paragraph 80 of the Complaint.

81.     Defendant denies the allegations of Paragraph 81 of the Complaint.

82.     Defendant admits that Plaintiff has demanded trial by jury, but Defendant denies that Plaintiff is entitled to any trial of her allegations.

83.     Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint.

84.     All allegations of the Complaint not expressly admitted above are hereby denied.

## <u>Defenses</u>

1.     The Complaint fails to state claims upon which relief can be granted.

2.     Plaintiff's claims, if any, are not properly before this Court, in that Plaintiff's Complaint was filed in violation and breach of her agreement, governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, in her Independent Contractor Agreement to submit all claims arising under the Agreement, excepting only claims under its Non-Competition Covenant, Non-Solicitation and Customer Information sections, to binding arbitration before the American Arbitration Association under its Commercial Arbitration Rules.

3.      Plaintiff's claims are barred, in whole or in part, by waiver, estoppel and/or ratification by her own actions, including repeatedly insisting that she work only as an independent contractor for Defendant.

4.      To the extent that the Fair Labor Standards Act applies to Plaintiff and Defendant, which Defendant denies, Plaintiff's minimum wage claims are barred, in whole or in part, by the statute of limitations set forth in 29 U.S.C. §255.

5.      To the extent that the FLSA applies to Plaintiff and Defendant, which Defendant denies, Defendant would show, pursuant to 29 U.S.C. §260, that any acts or omissions giving rise to Plaintiff's FLSA allegations were in good faith and that Defendant had reasonable grounds for believing that its alleged acts and omissions were not a violation of the Fair Labor Standards Act of 1938, as amended.

6.      Plaintiff's quantum meruit allegations are barred by the existence of valid express contracts between Plaintiff and Defendant covering the services provided by Plaintiff.

7.      Plaintiff's quantum meruit allegations are barred by her unclean hands.

8.      Plaintiff's promissory estoppel allegations are barred by the existence of valid express contracts between Plaintiff and Defendant covering the services provided by Plaintiff.

9.      Plaintiff's promissory estoppel allegations are barred by the parol evidence rule.

10.     Plaintiff's promissory estoppel allegations are barred by her unclean hands.

11.     Plaintiff's conversion allegations fail to state a claim upon which relief can be granted because they fail to identify specific chattel, rather than simply an indebtedness that could, if actually owed to Plaintiff, be discharged by the payment of money.

12.     Plaintiff's conversion allegations are barred by, or must be reduced in accordance with, Chapter 33 of the Texas Civil Practice and Remedies Code.

13.     Pursuant to Federal Rule of Civil Procedure 9(c), Defendant denies that Plaintiff may assert a claim under the Texas Theft Liability Act, Plaintiff having failed to provide the notice required by Section 31.04 of the Texas Penal Code.

14.     To the extent that the Family and Medical Leave Act applies to Defendant, which Defendant denies, Plaintiff's allegations of FMLA interference with her right to receive benefits under the FMLA are barred by her admissions in Paragraphs 18 and 78 of the Complaint that she returned to work for Defendant at the same position or a promoted position after her pregnancy/childbirth.

15.     To the extent that 42 U.S.C. §§2000e *et seq.* applies to Defendant, which Defendant denies, the admissions of Paragraph 78 of the Complaint that Plaintiff gave birth on January 21, 2018, and returned to work on February 26, 2018, together with her admission in Paragraph 20 of the Complaint that she was "promoted" on June 11, 2018, prevent Plaintiff from establishing a prima facie case of a statutory violation.  As admitted in Paragraph 21 of the Complaint, Mr. Bitton was Plaintiff's purported "supervisor" throughout that period.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Tecomax, LLC prays that the Court enter an order compelling Plaintiff's claims and causes of action, if any, against it to binding arbitration before the American Arbitration Association in accordance with the arbitration agreement in the Parties' Independent Contractor Agreement and the AAA's Commercial Arbitration Rules, and that the Court stay Plaintiff's claims and causes of action, and all discovery thereon, against Defendant pending resolution of Plaintiff's claims and causes of action, and Defendant's defenses, in arbitration; Defendant further prays that the Court thereafter enter final judgment that Plaintiff recover nothing of and from Defendant, that

Defendant be discharged to go hence without delay and recover its costs, that Plaintiff's claims and causes of action, if any, be dismissed with prejudice to their re-filing, in whole or in part, and that Defendant recover such other and further relief, at law or in equity, to which it may be justly entitled.

Dated:  November 8, 2018                     Respectfully submitted,


                                            */s/ Gary D. Sarles*
                                            Gary D. Sarles
                                            Texas Bar No. 17651100
                                            gsarles@sarleslaw.com

                                            **SARLES & OUIMET**
                                            370 Founders Square
                                            900 Jackson Street
                                            Dallas, Texas  75202-4436
                                            Telephone:  (214) 573-6300
                                            Telecopier:  (214) 573-6306
                                            **ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I, Gary D. Sarles, an attorney, state that I caused a copy of Defendants' Original Answer to be served via the Electronic Filing System on all counsel of record. Service was accomplished on November 8, 2018.


                                            */s  Gary D. Sarles*
                                            Gary D. Sarles